COOK (TAYLOR v.). See Case No. 13,789.
COOK (THOMPSON v.). See Case No. 13,952.

## Case No. 3,165.
COOK v. TRIBUNE ASSOCIATION
[5 Blatchf. 352.] [1]
Circuit Court, S. D. New York. Nov. 26, 1866.

PLEADING IN ACTION FOR LIBEL—DEFENCES.

1. A special plea which sets up several defences to a cause of action is bad. A special plea must contain one good defence to all that it professes to answer. Where a declaration is founded on a libel charging the plaintiff personally as corrupt and dishonest. a special plea to it, which imputes criminality only to the clerks and employees of the plaintiff, is bad.

2. Where a declaration is founded on a libel charging the plaintiff to be a full-blown scoundrel and knave, and not fit to be trusted with half a million of money, and that, if entrusted, he would convert it to his own benefit, and thereby commit felony, a special plea setting up that the plaintiff knowingly falsified the books of his office as postmaster, to defraud the government, and a special plea setting up that the plaintiff coerced his clerks to subscribe to and support a newspaper of which he was proprietor, are bad, as containing no defence to the libel.

3. Where a declaration is founded on a libel charging that the plaintiff, if entrusted with public moneys, would commit the offence of embezzlement, a special plea to it, setting up that the plaintiff has committed the offence of embezzlement, is bad, as containing no defence to the libel.

4. Where a declaration is founded on a libel charging that the plaintiff, while postmaster, by natural affinity, gathered about him scamps, and wilfully and corruptly employed them to steal the public money, and that, under the conduct or rule of the plaintiff, as postmaster, and while he held the office, it became a den of thieves. a special plea, setting up that the plaintiff, as postmaster, had the appointment of his clerks and other employees, and that they, in the course of their employment and business, abstracted letters from the office, broke them open, and stole the contents, is bad, as containing no defence to the libel.

5. In a declaration founded on a libel, the whole of the libel must be considered, upon the point as to whether the averments in the declaration are sufficient to make the libel applicable to the plaintiff.

This case came up on demurrers by the plaintiff to forty-seven special pleas put in by the defendants to the declaration, which was for a libel. The declaration contained eight counts. The first charged the defendants with wickedly composing and publishing the libel, setting it out in haec verba. The substance of it was, that the plaintiff was a defaulting army paymaster, to the

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

amount of half a million of dollars, and which he had lost in gambling; that some $70,000 had been recovered by arresting blacklegs in various cities, and compelling them to disgorge; that the plaintiff was not an undeveloped knave, but a full-blown scoundrel; that he was made postmaster at Chicago by Senator Douglas; that the office became a den of thieves under his rule; that the plaintiff might not have stolen the money, but he gathered scamps about him by natural affinity, and the public had to suffer; that the essential baseness and rottenness of the fellow (plaintiff) was so thoroughly displayed in turning against his benefactor, (Douglas,) and the malignity of his assaults were such, that the writer did not suppose any honest man had spoken to him since, except by moral coercion; that Senator Douglas openly charged him (plaintiff) with rascality and peculation, and nobody doubted the truth of it; and that now this exploded reprobate turned up a fresh defaulter. The innuendo in the first count was, that the plaintiff, as paymaster in the army, had appropriated to his own use and benefit a large sum of money, to wit, $500,000, belonging to the United States, and thereby had committed wilful and corrupt felony, against the statute. The second count charged the libel to be, that the plaintiff, as such army paymaster, had lost the half a million of money in gambling. The third count charged the libel as in the first count. The innuendo was, that the plaintiff, among other things, was a full-blown scoundrel and knave, and not fit to be trusted with half a million of money, and that, if entrusted, he would convert it to his own benefit, and thereby commit felony. The fourth count charged the libel as in the first count. The innuendo was, that the plaintiff, while postmaster, &c., by natural affinity gathered about him scamps, that is, persons who would, in the course of their employment, steal money, and that the post office thereby became a den of thieves. The fifth count charged the libel as in the first count. The innuendo was substantially the same as in the first count. The sixth count charged that the libel was, that the plaintiff, as army paymaster, was a defaulter in half a million of dollars, as set forth in the first count, meaning that he had lost the half a million of money in gambling. The seventh count was the same as the third, except that the composition of the libel was omitted. The eighth count was the same as the fourth, except that the composition of the libel was omitted.

Edward R. Meade, for plaintiff.
Isaiah T. Williams, for defendants.

NELSON, Circuit Justice. The first plea is the general issue. The second plea is to the third, fourth, seventh, and eighth counts, and is, in substance, that the plaintiff was postmaster at Chicago, and had power to appoint and dismiss clerks; that, during the time the plaintiff held the office, the duties of it were discharged greatly to the prejudice of the public, namely, letters containing money were abstracted from the office, and the contents stolen by the clerks; that there were one thousand dead letters in the office, which should have been sent to the general post office unbroken, but were detained and opened by the clerks, and their contents rifled; that, during the time the plaintiff so held the office, the books of the office were knowingly falsified by the plaintiff and the clerks, whereby large sums of money, amounting in all to $5,000, were not credited to the government, or accounted for to the government; and that the plaintiff was proprietor of a newspaper in Chicago, and coerced his clerks and subordinates to subscribe for the same, and to raise money in support of it, and discharged some of them for refusing to comply with his orders in that respect. This is the substance of the plea. The radical defect in it is, that the pleader has undertaken to set up in the same plea several defences to the two causes of action contained in the third and fourth counts of the declaration. This is against the first principles of special pleading. Besides, no one of the defences set forth in the plea would justify the publication of the libel as charged in the two counts. A plea must contain one good defence to all that it professes to answer. In this case, the plea professes to answer the charge in the third and fourth counts, but no one answer set forth accomplishes this. Again, the libel, as set forth in the third and fourth counts, charges the plaintiff personally as corrupt and dishonest. All the defences, except one, set up in the plea, come short of this, and only impute the criminality to the clerks and employees of the plaintiff. The exception is, the defence that the plaintiff falsified his post office books, to defraud the government. But this, admitting it to be true, constitutes no defence to the libel complained of in the two counts which the plea professes to answer. The same remark is true as to the defence that the plaintiff coerced his clerks to subscribe to and support his newspaper. All of the above observations apply also to the second plea, as a defence to the seventh and eighth counts.

The remaining pleas, down to the forty-first, inclusive, set up, in various forms, as a defence to the third and seventh counts, an embezzlement of the public money by the plaintiff, while postmaster, and as such. The third count charges the libel to be, that the plaintiff is a full-blown scoundrel and knave, and not fit to be trusted with the public money, and that, if entrusted, he would convert it to his own benefit, contrary to the act of congress, and would commit wilful and corrupt felony. The seventh count is the same. These several pleas do not meet and justify the whole of the libel, as set forth in the counts. A plea that the plaintiff has committed the offence of embezzlement is no an-

swer to the charge that, if entrusted with public moneys, he would commit it again. This is not the legal effect.or conclusion from the fact of a previous embezzlement by the same person, and hence is bad as a plea. The pleader overlooks the locus penitentiae, to the benefit of which every person is entitled.

The forty-second plea sets up a defence to the fourth and eighth counts of the declaration. Those counts are founded on that part of the libel which charges that the plaintiff, according to the innuendo, while postmaster, by natural affinity, gathered about him scamps, and wilfully and corruptly employed them to steal the public money, and that, under the conduct or rule of the plaintiff, as postmaster, and while he held the office, it became a den of thieves. The forty-second plea, in answer to this, sets up, substantially, that the plaintiff, as postmaster, had the appointment of his clerks and other employees, and that they, in the course of their employment and business, abstracted letters from the office, broke them open, and stole the contents. It requires no argument to show that this plea fails to answer the cause of action stated in the counts.

The same remarks are applicable to the forty-third plea, as to the dead letters.

The forty-fourth, forty-fifth, forty-sixth, and forty-seventh pleas are subject to the same objections as the forty-second.

The forty-eighth plea is as bad, as an attempt to set up a multitude of defences, in one plea, to the causes of action in the third and seventh counts. There are other objections, but the above is sufficient.

I have looked into the averments in the declaration that are objected to, and am satisfied that the same are sufficient, in substance, to make the libel applicable to the plaintiff. The whole of the libel is to be read for this purpose, which will remove all doubt on the point.

There must be judgment for the plaintiff on all the demurrers to the pleas, with leave to the defendants to amend, on payment of costs.